**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3456
_____

JUAN CARLOS CANO ARIAS;
ANGELICA LOPERA GONZALEZ,
                                                Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                                Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency Nos. A097-847-393, A097-847-394)
Immigration Judge: Honorable Henry S. Dogin

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 20, 2011
Before:  BARRY, HARDIMAN and COWEN, Circuit Judges

(Opinion filed:  April 22, 2011)
_____

OPINION
_____

PER CURIAM

        Petitioners, Juan Carlos Cano Arias and Angelica Lopera Gonzalez, petition for

review of the Board of Immigration Appeal's ("BIA") denial of Cano Arias' motion to

reopen.  For the following reasons, we will deny the petition for review.

Cano Arias and Lopera Gonzalez, natives and citizens of Colombia, entered the United States in 2000 and 2001, respectively. In 2003, they were charged with removability pursuant to INA § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B), as aliens who had overstayed their authorized admission period. They conceded removability. Cano Arias applied for political asylum, withholding of removal, relief under the Convention Against Torture ("CAT"), and, in the alternative, voluntary departure.[1]

In 2004, the Immigration Judge ("IJ") denied Cano Arias' application for political asylum as untimely, granted his application for withholding of removal, and did not consider his application under CAT. Cano Arias and the Department of Homeland Security ("DHS"), however, filed a joint motion to reopen the proceedings and remand the matter to the IJ " . . . for the sole purpose of affording the [IJ] with an opportunity to enter a full decision," which the BIA granted.[2]

In 2006, the IJ once again denied Cano Arias' application for political asylum as untimely, granted his application for withholding of removal, and did not consider his application under CAT. Cano Arias had testified that he was a mechanic and electrician, and served as the Chief of Maintenance for the General Steel Company in Colombia. He had testified that members of the National Liberation Army ("ELN"), a recognized

---

[1] Cano Arias is the lead petitioner in this case. His wife, Lopera Gonzalez, is a derivative petitioner; her claims are dependent on Cano Arias' claims.

[2] The IJ stated that because counsel for DHS indicated that she would not appeal

Colombian guerrilla group involved in the destruction of electrical equipment, power plants, and other types of important facilities run by the Colombian Government, attempted to recruit him. In September 1999, members of the ELN questioned Cano Arias' father about his whereabouts. In June 2000, a ELN member approached Cano Arias at his workplace and demanded his cooperation, informing him that the ELN had two people infiltrate the company and could blow the company up. Soon after this incident, Cano Arias fled to the United States. Cano Arias' mother informed him that the ELN was still looking for him as of 2004.

Based on Country Reports and Cano Arias' testimony, the IJ concluded that Cano Arias was eligible for withholding of removal based on imputed political opinion. The IJ determined that Cano Arias' refusal to join the ELN constituted a statement of imputed political opinion. The IJ therefore concluded that Cano Arias would be persecuted if he returned to Colombia because Cano Arias still possessed a skill desired by the ELN and Country Reports are clear that those who do not assist the ELN are murdered, threatened, or harmed.

DHS appealed the IJ's grant of withholding of removal. Although the BIA found no clear error in the IJ's factual findings, in May 2008, the BIA sustained DHS' appeal. The BIA concluded that Cano Arias did not qualify for withholding of removal because he did not testify that he explicitly expressed any opposition to the ELN based on

his decision, his 2004 oral opinion was not thorough.

3

his political views.  The BIA remanded the case back to the IJ to consider Cano Arias'

request for relief under CAT and voluntary departure.

The IJ held another hearing in December 2008 to allow Cano Arias to renew his

application for withholding of removal by presenting new evidence.  At this hearing,

Cano Arias testified that he explicitly refused the ELN, informing the ELN member that

approached him at his workplace that he would not do what the ELN wanted and did not

agree with the politics of the ELN as it was against his moral principles.  After reviewing

the record, the IJ determined that Cano Arias' testimony was presented to meet the BIA's

objections and his testimony conflicted with his earlier testimony and application

documents.  The IJ denied his application for withholding of removal.  The IJ also denied

Cano Arias' application for relief under CAT because he could not prove that he would

be tortured by the Colombian government.[3]  In November 2009, the BIA dismissed his

appeal,[4] agreeing with the IJ's determinations.

In December 2009, Cano Arias filed a motion to reopen, presenting "new facts,"

articles regarding the ELN and Fuerzas Armadas Revolucionarias de Colombia

("FARC"), another Colombian guerilla group.  On July 30, 2010, the BIA denied the

motion to reopen.  The BIA found that the new evidence did not address the basis upon

---

[3] The IJ noted that Cano Arias conceded that he was not eligible for asylum and that he withdrew his application for voluntary departure.

[4] The BIA noted that Cano Arias appealed only the IJ's withholding of removal

4

which Cano Arias' application for withholding of removal was denied. Further, many of the articles offered as new evidence were available prior to the IJ's December 2008 hearing. On August 17, 2010, petitioners filed a petition for review of the BIA's July 2010 order denying the motion to reopen. In their brief in support of their petition for review, petitioners contest the BIA's July 2010 order, as well as the BIA's November 2009 and May 2008 orders.

We have jurisdiction to review the BIA's denial of Cano Arias' motion to reopen pursuant to 8 U.S.C. § 1252(a). However, we lack jurisdiction to review the BIA's November 2009 and May 2008 orders because petitioners did not file a timely petition for review of these orders. See INA § 242(b)(1), 8 U.S.C. § 1252(b)(1) (30 days to file a petition for review); Stone v. Immigration & Naturalization Serv., 514 U.S 386, 394-406 (1995) (timely motion to reconsider or reopen does not toll running of filing period for review of underlying removal order). Petitioners' petition for review was filed on August 17, 2010, within thirty days of the BIA's denial of the motion to reopen, but not within thirty days of the BIA's November 2009 order dismissing the appeal or May 2008 order remanding the case back to the IJ.

The Government contends that petitioners have waived any challenge to the BIA's order denying the motion to reopen because they failed to develop an argument concerning the BIA's denial of the motion to reopen in their opening brief. We agree. In

determination. Thus, any objection to the IJ's CAT determination was waived.

5

their brief, petitioners argue that the BIA abused its discretion in finding that Cano Arias had not shown imputed political opinion because the BIA failed to consider the contextual background of his case. Thus, petitioners assert that they should have been granted asylum, withholding of removal, and relief under CAT. Petitioners also argue that the BIA should not have remanded the matter to the same IJ it reversed in its May 2008 order. Although petitioners state that the BIA abused its discretion by denying the motion to reopen, petitioners' brief fails to raise or discuss any issue with respect to the denial of the motion to reopen. We therefore conclude that petitioners have waived review of the BIA's order denying the motion to reopen. See Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993) (failure to present an argument in support of an issue raised on appeal in opening brief results in waiver of the issue). We cannot consider the arguments in petitioners' opening brief as they pertain to the BIA's November 2009 and May 2008 orders, over which we lack jurisdiction.

Accordingly, we will deny the petition for review.

6